UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 04 CR 10100 PBS |
| ) | |
| v. ) | VIOLATIONS: |
| ) | 26 U.S.C. § 7206(1) (False Returns) |
| PETER CAVALLARO, SR. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

1. At all times material to this Information, defendant PETER CAVALLARO, SR. ("CAVALLARO") was an individual who resided at 8 Smith Hill Road, Lincoln, Massachusetts.

2. At all times material to this Information, CAVALLARO operated a family-owned business named Albany Street Wholesale Florist, Inc. ("Albany" or the "company"). CAVALLARO was an officer of Albany.

3. At all times material to this Information, Albany had offices at 540 Albany Street, Boston, Massachusetts and served as a wholesaler and retailer of flowers, plants and related products.

4. On or about July 15, 1998, CAVALLARO filed with the Director, Internal Revenue Service at Andover, Massachusetts a joint U.S. Individual Income Tax Return for the calendar year 1997. On the return, CAVALLARO reported total income for 1997 of $83,000.

5. On or about April 15, 1999, CAVALLARO filed with the Director, Internal Revenue Service at Andover, Massachusetts a joint U.S. Individual Income Tax Return for the

calendar year 1998. On the return, CAVALLARO reported total income for 1998 of $233,460.

6. CAVALLARO signed written declarations in connection with both returns verifying that the returns were made under the penalties of perjury.

Diverted Albany Business Receipts

7. From in or about April, 1997 through in or about October, 1998, CAVALLARO diverted from the business receipts of Albany, for his personal benefit, eighteen checks representing payments made by customers for goods and services furnished to them by Albany (hereafter, the "diverted business receipts"). The total dollar amount of the diverted business receipts was $442,614.50. The dates, amounts and payors of the eighteen checks were as follows:

| Payor | Date of Check | Check No. | Amount |
|---|---|---|---|
| Nashoba Valley Aluminum, Inc. | 4-6-97 | 178 | $55,000.00 |
| Nashoba Valley Aluminum, Inc. | 4-6-97 | 179 | $55,000.00 |
| Nashoba Valley Aluminum, Inc. | 1-28-98 | 1003 | $60,000.00 |
| Nashoba Valley Aluminum, Inc. | 5-29-98 | 1010 | $75,000.00 |
| Nashoba Valley Aluminum, Inc. | 5-29-98 | 1011 | $60,000.00 |
| Nashoba Valley Aluminum, Inc. | 10-30-98 | 0106 | $25,000.00 |
| Nashoba Valley Aluminum, Inc. | 10-30-98 | 1045 | $50,000.00 |
| Paul Vrusho | 2-6-98 | 340479 | $21,107.00 |
| Paul Vrusho | 2-6-98 | 342696 | $27,000.00 |
| Sunshine Fruit Co., Inc. | 12-30-97 | 13391 | $5,821.00 |
| Warehouse Flowers, Inc. | 4-6-97 | 1840 | $500.00 |
| Warehouse Flowers, Inc. | 5-5-97 | 1873 | $900.00 |

| | | | |
|---|---|---|---|
| Warehouse Flowers, Inc. | 7-16-97 | 1971 | $290.00 |
| Warehouse Flowers, Inc. | 10-9-97 | 2151 | $785.00 |
| Allen's House of Flowers | 5-4-97 | 1468 | $464.00 |
| Boston Flower Exchange, Inc. | 12-31-97 | 0766 | $5,000.00 |
| Silvio Petraglia | 11-23-97 | 2284 | $100.00 |
| Collura's Flowers | 1-6-98 | 185233168 | $647.50 |
| | | **TOTAL** | **$442,614.50** |

8. CAVALLARO did not disclose or report the income represented by the diverted business receipts on his joint U.S. Individual Income Tax Returns for 1997 and 1998.

Unreported Interest Income

9. On or about July 18, 1996, CAVALLARO extended a loan of $100,000 to the trustees of Harrow's Realty Trust ("Harrow's"). Thereafter, CAVALLARO received monthly payments of interest and principal until the loan was paid off in full in or about November, 1998. The monthly payments were made by checks made payable to CAVALLARO. CAVALLARO deposited the checks into personal bank accounts that he maintained.

10. On or about February 27, 1998, CAVALLARO extended a loan of $100,000 to the trustee of Camblex Realty Trust ("Camblex"). Thereafter, CAVALLARO received monthly interest payments on the loan, including interest payments made in each of the remaining months of 1998. The payments were made by checks made payable to CAVALLARO. CAVALLARO deposited the checks into personal bank accounts that he maintained.

11. CAVALLARO did not disclose or report the income represented by the interest payments made to him by Harrow's or Camblex on his federal income tax returns for 1997 and 1998. The amounts of the unreported interest were as follows:

|  | Unreported Interest | |
|---|---|---|
| **Payor** | **1997** | **1998** |
| Harrow's Realty Trust | $4,661.76 | $5,465.54 |
| Camblex Realty Trust |  | $12,500.00 |
|  | **TOTAL** | **$22,627.30** |

Unreported Capital Gains

12.  On or about May 16, 1997, CAVALLARO entered into an agreement with RJR Development ("RJR") pursuant to which RJR was granted the right to purchase certain real property owned by CAVALLARO at 327 Main Street, North Reading, Massachusetts in exchange for the payment by RJR of a nonrefundable deposit and additional nonrefundable payments made during the life of the purchase period.

13.  CAVALLARO received a total of $43,500 in nonrefundable payments from RJR in 1997 and 1998. CAVALLARO did not disclose or report the income represented by any of these payments on his federal income tax returns for 1997 and 1998. The amounts of the unreported payments were as follows:

|  | Unreported Payments | |
|---|---|---|
| **Payor** | **1997** | **1998** |
| RJR Development | $29,000.00 | $14,500.00 |
|  | **TOTAL** | **$43,500.00** |

14.  Through the foregoing conduct, specifically (a) his failure to report as income on his personal returns the business receipts that he diverted from Albany; and (b) his failure to report on his personal returns the interest and capital gains income that he received from

4

Harrow's, Camblex and RJR, CAVALLARO did willfully make, subscribe and file with the Internal Revenue Service false and fraudulent U.S. Individual Income Tax Returns for each of the calendar years 1997 and 1998.

## COUNTS ONE and TWO

### (False and Fraudulent Returns - 26 U.S.C. § 7206(1))

15. The United States Attorney re-alleges and incorporates by reference paragraphs 1-14 of this Information and further charges that:

16. On or about the dates set forth below, in the District of Massachusetts, the defendant PETER CAVALLARO, SR., a resident of Lincoln, Massachusetts, did willfully make and subscribe joint U.S. Individual Income Tax Returns for the calendar years 1997 and 1998, which were verified by written declarations that they were made under the penalties of perjury and were filed with the Director, Internal Revenue Service at Andover, Massachusetts, which said income tax returns CAVALLARO did not believe to be true and correct as to every material matter in that the said returns failed to disclose or report income that CAVALLARO received in the form of business receipts that he diverted from Albany and interest and capital gains payments that he received from Harrow's, Camblex and RJR, whereas, as CAVALLARO then and there well knew and believed, he had in fact received and was required to report on his returns the income represented by said diverted business receipts, unreported interest and unreported capital gains, as set forth in the following table:

| Count | Year | Filing Date | Diverted Business Receipts | Unreported Interest | Unreported Capital Gains | Total Unreported Income |
|---|---|---|---|---|---|---|
| 1 | 1997 | 7/15/98 | $113,039 | $4,662 | | $117,701 |
| 2 | 1998 | 4/15/99 | $329,576 | $17,966 | $43,500 | $391,042 |

All in violation of Title 26, United States Code, Section 7206(1).

                              MICHAEL J. SULLIVAN
                              United States Attorney

By: *[signature]*
      Michael J. Pineault
      Assistant U.S. Attorney
      One Courthouse Way, Suite 9200
      Boston, MA 02210

Dated: April 1, 2004