UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )   CRIMINAL ACTION
                                    )   NO. 04-10100-PBS
PETER CAVALLARO, SR.                )
                                    )
_____)

### ASSENTED-TO MOTION OF DEFENDANT PETER CAVALLARO, SR. TO SCHEDULE AN EVIDENTIARY HEARING AND TO RESCHEDULE SENTENCING

Defendant Peter Cavallaro Sr. hereby moves, pursuant to Fed. R. Crim. P. 32(i)(2) and U.S.S.G. § 6A1.3(A), to schedule an evidentiary hearing in connection with sentencing, and to reschedule sentencing until the week of September 20, 2004. Cavallaro's sentencing is currently scheduled for July 22, 2004. The reasons why this motion should be allowed are as follows:

1. On April 27, 2004, Cavallaro pleaded guilty to a two-count Information charging him with filing false or fraudulent statements in his 1997 and 1998 federal income tax returns in violation of 26 U.S.C. § 7206(1). On that date, the Court scheduled Cavallaro's sentencing for July 28, 2004, but the Court, on its own and without request from the parties, subsequently rescheduled the sentencing to July 22, 2004. See Court Order, dated 6/1/04.

2. On July 24, 2004, the Supreme Court decided Blakely v. Washington, __ U.S. ___, No. 02-1632, 2004 WL 1402697 (2004), ruling that a defendant's Sixth Amendment right to trial by jury was violated where the defendant was neither convicted nor agreed to facts that supported an upward adjustment to his sentence. Id. at *9-10.

While the Blakely Court noted in passing that it was not interpreting the Federal Sentencing Guidelines (id. at *6, n.9), the dissenting Justices acknowledged that the result would be no different under the Federal Guidelines.  Id. at 16 (Kennedy, J.) (the majority's decision will be "far reaching" because "[t]he structure of the Federal Guidelines likewise does not, as the Government half-heartedly suggests, provide any grounds for distinction").

3. Counsel for the defendant is attempting to determine Blakely's effect on this case.  It unclear what facts supporting a sentencing enhancements Cavallaro agreed to at his plea hearing.  Counsel for the defendant has order an expedited copy of the transcript of Cavallaro's plea hearing, but has been informed by the court reporter that the transcript cannot be prepared until July 20, 2004.

4. In addition, Cavallaro needs more time to prepare materials supporting his request for a diminished-capacity downward departure.  Undersigned counsel has retained a forensic psychiatrist and a forensic psychologist to opine about Cavallaro's mental capacity at the time of the offense conduct, including how various mental defects contributed to his offense conduct.  Testing and examining Cavallaro has taken longer than anticipated and the expert reports will not be completed until the middle of July, 2004.  Under the terms of the plea agreement, Cavallaro must provide those materials to the government thirty days before sentencing.  See Plea Agreement at 4.

5. Counsel for the defendant believes that the government will oppose his request for a departure on this ground.  See Plea Agreement at 4 ("The U.S. Attorney will oppose any downward departure.").  To resolve that dispute, counsel for the defendant believes that testimony from at least one of Cavallaro's mental health experts will assist

this Court to better understand his mental deficiencies and how they contributed to his offense conduct. Testimony will also assist this Court in making credibility findings, should the government challenge the expert opinions on that basis. Thus, the Court should schedule an evidentiary hearing under Fed. R. Crim. P. 32(i)(2) and U.S.S.G. § 6A1.3(a). Undersigned counsel believes that testimony will last between two and four hours.

6. Finally, scheduling an evidentiary hearing and sentencing in September will avoid conflicts with counsels' prior vacation plans. Counsel for the defendant were planning to take off the first week of August; counsel for the government was planning to take off the third week in August; one of Cavallaro's mental health experts was planning to take off the second and third weeks in August.

7. The government assents to this request.

For each of these reasons, Cavallaro request that this Court to schedule an evidentiary hearing, and to reschedule sentencing until the week of September 20, 2004.

                                                Respectfully submitted,

                                                /s/ Michael B. Galvin_____
                                                Michael A. Collora (BBO #092940)
                                                Michael B. Galvin (BBO # 630515)
                                                **DWYER & COLLORA, LLP**
                                                600 Atlantic Avenue
                                                Boston, MA  02210
                                                671-371-1000

Dated: July 7, 2004

## Certificate of Service

I, Michael B. Galvin, do hereby certify that I have served a copy of this motion, by mail, upon Assistant U.S. Attorney Michael Pineault of the U.S. Attorney's Office,

John Joseph Moakley U.S. Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02210 on July 7, 2004.

                                                /s/ Michael B. Galvin_____
                                                Michael B. Galvin